UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ronnie Harris.

    Plaintiff,

v.                                                                  Case No. 12-13738

BSI Financial Services, Inc.,                          Honorable Sean F. Cox

    Defendant.

_____/

### ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Plaintiff filed this action on August 23, 2012, based upon federal question jurisdiction, asserting the following claims against Defendant: "Count I – R.E.S.P.A. 12 U.S.C. § 2601 *et seq.*"; "Count II – Breach of Contract For Breach of the Implied Covenant of Good Faith and Fair Dealing"; "Count III – Intentional Infliction of Emotional Distress"; "Count IV – Request for Equitable Declaratory & Injunctive Relief"; "Count V – Breach of Contract" ; "Count VI – Violation of M.C.L. § 445.901 *et seq.*"; "Count VII – Fair Credit Reporting Act"; "Count VIII – Negligence" ; "Count IX – Negligence *Per Se*"; "Count X – Defamation by Libel"; "Count XI – Negligence – Malicious Statutory Libel"; and "Count XIII[1] – Fair Debt Collections Practices Act"; "Count XIV – Michigan Occupational Code".

Although this Court has federal question jurisdiction over Counts I, VII, and XIII, the remaining counts are based on state law. Plaintiff asks this Court to exercise supplemental

---

[1] The Complaint does not contain a Count XII.

jurisdiction over the state law claims. (Compl. at ¶ 5).

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Having reviewed the state law claims in Plaintiff's complaint, this Court concludes that Plaintiff's state-law claims predominate. 28 U.S.C. § 1367(c)(2). In addition, the Court finds that the potential for jury confusion in this case would be great if Plaintiff's federal claims were presented to a jury along with Plaintiff's state-law claims. Thus, the potential for jury confusion is yet another reasons for this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Padilla v. City of Saginaw*, 867 F.Supp. 1309 (E.D. Mich. 1994); 28 U.S.C. § 1367(c)(4).

Accordingly, **IT IS ORDERED** that this Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over Plaintiff's state-law claims and Counts II, III, IV, V, VI, VIII, IX, X, XI and XIV of Plaintiff's Complaint are hereby **DISMISSED WITHOUT**

**PREJUDICE.**

    **IT IS SO ORDERED**.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated:  September 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2012, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez
                                      Case Manager